# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Mohammed K., | Civ. No. 20-1964 (JRT/BRT) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Immigration and Customs Enforcement (ICE), and United States Attorney General, | |
| Respondents. | |

Mohammed K., *pro se* Petitioner.

Ana H. Voss, Esq., Ann M. Bildtsen, Esq., and Chad A. Blumenfield, Esq., United States Attorney's Office, counsel for Respondents.

BECKY R. THORSON, United States Magistrate Judge.

In this petition for a writ of habeas corpus under 28 U.S.C. § 2241, Petitioner Mohammed K. requests release from immigration detention pending his removal from the United States. (Doc. No. 1, Habeas Pet.) For the reasons stated below, this Court recommends that Petitioner's action be dismissed without prejudice.

## I.    Background

Petitioner is a citizen of Jordan, and first entered the United States on October 27, 2014, via the Chicago O'Hare International Airport as an F1 student. (Doc. No. 7, Campbell Decl. ¶ 4.) Petitioner left the United States on July 5, 2016, but re-entered on August 2, 2016, again as an F1 student. (*Id.* ¶¶ 5–6.) On March 8, 2018, Citizenship and Immigration Services terminated Petitioner's status due to a failure to enroll. (*Id.* ¶ 7.) On

March 27, 2018, Enforcement Removal Operations ("ERO") arrested Petitioner, and on March 28, 2018, ERO served Petitioner with a Notice to Appear, Form I-862, charging him as removable pursuant to Section 237(a)(1)(C)(i) of the Immigration and Nationality Act as a nonimmigrant who failed to maintain status. (*Id.* ¶¶ 8–9.) On March 28, 2018, Petitioner bonded out of custody. (*Id.* ¶ 10.)

On December 12, 2019, ERO again arrested Petitioner following his conviction for drug possession. (*Id.* ¶ 11.) On December 19, 2019, Petitioner surrendered a passport that will be valid until August 11, 2023, to ERO. (*Id.* ¶ 12.) On February 6, 2020, an immigration judge ("IJ") ordered Petitioner removed from the United States to Jordan. (*Id.* ¶ 13.) On March 5, 2020, Petitioner filed a timely appeal of the IJ's decision to the Board of Immigration Appeals ("BIA"). (*Id.* ¶ 14.) On May 23, 2020, Petitioner moved to withdraw his appeal, and the BIA granted that motion on July 20, 2020, making Petitioner's order of removal administratively final. (*Id.* ¶¶ 16–17.)

Jordan's borders are closed due to the COVID-19 pandemic, but on September 16, 2020, ERO learned that Jordan is accepting escorted deportees. (*Id.* ¶¶ 15, 18.) On September 24, 2020, ERO was informed that Immigration and Customs Enforcement ("ICE") headquarters is planning a charter flight to Jordan. (*Id.* ¶ 19.) ERO submitted Petitioner as a candidate for this flight, and is awaiting ICE approval. (*Id.*) Christopher A. Campbell, a Deportation Officer with ICE, represents that ICE has historically had success in procuring travel documents for and removing Jordanian nationals from the United States. (*Id.* ¶ 20.) At present, while restrictions on air travel due to COVID-19 remain an impediment to Petitioner's removal, the Jordanian government is working with ICE to accommodate removals via charter flights. (*Id.*)

On September 15, 2020, Petitioner filed the instant Petition for Writ of Habeas Corpus. (Doc. No. 1, Habeas Pet.) Petitioner then filed a Memorandum in Support, along with exhibits, on October 7, 2020. (Doc. Nos. 9–10.) The Government filed its Response on October 8, 2020. (Doc. No. 6, Resp.) Petitioner did not file a reply brief. (*See* Doc. No. 3, Ord. 2 (stating that Petitioner must file any reply "within 20 days of the date when the answer is filed).)

## II.   Analysis

Petitioner challenges his ongoing detention pending his removal from the country. (Habeas Pet. 3–4.) He requests that Respondents be ordered to produce concrete plans for his removal, a valid travel document, and that he be released from custody on an order of supervision. (Doc. No. 9, Mem. in Supp. 4.) Petitioner also requests appointment of counsel. (*Id.* at 3.) The Government responds that Petitioner's detention is presumptively constitutional under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and therefore his Habeas Petition should be dismissed. (*See* Resp. 4–7.) In the alternative, the Government argues that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future. (*Id.* at 7–8.) For the reasons that follow, this Court recommends that the Petition be dismissed as premature, and that Petitioner's request for appointment of counsel be denied as moot.

### A.  The Habeas Petition is Premature

As a threshold issue, this Court will first address the timing of the instant Habeas Petition. In *Zadvydas v. Davis*, the Supreme Court held that "an alien's post-removal-period detention" may not exceed "a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. 678, 689 (2001). The Court elaborated

3

that it is presumptively reasonable for the Government to detain an alien for six months following the start of the statutory removal period, after which the validity of continued detention depends on whether there is a "significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.

However, a petitioner seeking habeas relief from postremoval detention may not file a petition immediately – the petitioner must wait until after the presumptively constitutional six-month period described in *Zadvydas* has expired. *Gael A. O. v. DHS/ICE Office of Chief Counsel*, No. 18-CV-3269 (WMW/TNL), 2019 WL 3325839, at *4 (D. Minn. May 13, 2019), *report and recommendation adopted*, No. 18-CV-3269 (WMW/TNL), 2019 WL 3322920 (D. Minn. July 24, 2019) (citation omitted); *Shol v. Sec'y of Homeland Sec.*, No. 18-CV-3139 (WMW/SER), 2019 WL 2746267, at *3 (D. Minn. Apr. 25, 2019), *report and recommendation adopted sub nom. Afeing Z. S. v. Sec'y Homeland Sec.*, No. 18-CV-3139 (WMW/SER), 2019 WL 2743776 (D. Minn. July 1, 2019); \*Mario A. B. v. Secretary of Homeland Sec.*, 18-cv-2705, 2019 WL 542944 *2 (D. Minn. Jan. 4, 2019); *Lee v. Immigration Enforcement Customs*, 16-cv-4270, 2017 WL 4174426 *4 (D. Minn. July 21, 2107); *Ahmed v. Brott*, No. 14-cv-5000, 2015 WL 1542131 *3 (D. Minn. Mar. 17, 2015); *Mehighlovesky v. U.S. Dept. of Homeland Sec.*, 12-cv-902, 2012 WL 6878901 *2 (D. Minn. Dec. 7, 2012). "A petition for habeas relief filed before the end of six-month period is premature and must be dismissed." *Gael*, 2019 WL 3325839, at *4.

Here, Petitioner's postremoval period did not begin to run until July 20, 2020, the date the BIA granted Petitioner's motion to withdraw his appeal. (Campbell Decl. ¶ 17.) Petitioner filed the instant Habeas Petition on September 15, 2020, less than two months

4

later. (*See* Habeas Pet.) Therefore, because Petitioner filed his Habeas Petition well before the six-month period described in *Zadvydas* had run, this Court recommends that the Habeas Petition be dismissed without prejudice as premature. *Gael*, 2019, WL 3325839, at *4.

    B.    **Petitioner's Request for Counsel**

Petitioner also requests that the Court appoint him counsel in this matter. (Mem. in Supp. 4.) "In cases involving a petition for a writ of habeas corpus under § 2241, a court may appoint counsel for the petitioner as required by the interests of justice." *Ndenge v. Gonzales*, No. CIV 07-1726 MJD/JJG, 2008 WL 682091, at *2 (D. Minn. Mar. 6, 2008). Here, however, Petitioner's request for appointment of counsel is ultimately derivative of his Habeas Petition. Because this Court recommends that the Habeas Petition be dismissed without prejudice as premature, it also recommends denial of Petitioner's request for counsel as moot.

**III.**    **Conclusion**

For the foregoing reasons, this Court recommends that the Petition for a Writ of Habeas Corpus (Doc. No. 1) be dismissed without prejudice as premature, and that Petitioner's request for counsel be denied as moot.

## RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

    1.    Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 1) be **DISMISSED** without prejudice;

    2.    Petitioner's request for appointment of counsel be **DENIED** as moot; and

3. Judgment be entered accordingly.

Dated: December 7, 2020       *s/ Becky R. Thorson*_____
                              BECKY R. THORSON
                              United States Magistrate Judge

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).